**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LUIS LEON,<br><br>Petitioner,<br><br>v.<br><br>FCI SCHUYLKILL WARDEN,<br><br>Respondent. | CIVIL ACTION NO. 3:25-cv-02182<br><br>(SAPORITO, J.) |

## ORDER

Luis Leon, presently incarcerated at FCI Allenwood Low[1], proceeds on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. 1). Leon alleges that the Bureau of Prisons ("BOP") has failed to grant him time credits to which he is entitled under the First Step Act ("FSA"). For the reasons set forth below, the petition will be dismissed.

## I. Background

In August 2020, Leon was sentenced to 120 months' incarceration after pleading guilty to one count of possession of 400 grams or more of fentanyl with intent to distribute, and one count of possession of cocaine with intent to distribute. *See* (Docs. 5-5, 5-6); *United States v. Leon*, No.

---

[1] Leon filed his initial petition from FCI Schuylkill, but he was later transferred to FCI Allenwood. *See* (Doc. 1 at 5, Doc. 7).

19-CR-00051 (D.R.I.); 21 U.S.C. § 841(a)(1). The criminal judgment referred to the general provisions of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and § 841(b)(1)(C), but did not refer to specific subsections of the statute that prescribe minimum and maximum penalties based on the quantity of drugs involved. *See* (Doc. 5-5); § 841(b)(1)(B)(i)-(viii).

The FSA allows eligible inmates who complete recidivism reduction programs or other productive activities to receive credit toward time in prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4). However, inmates who have been convicted of certain crimes are ineligible. The BOP determined that Leon's convictions made him ineligible pursuant to 18 U.S.C. § 3632(d)(4)(D)(lxvi), because his offenses involved the intended distribution of more than 40 grams of fentanyl. *See* (Doc. 5-2, ¶¶ 9-11) (citing 21 U.S.C. § 841(b)(1)(B)(vi)).

Leon filed this petition without exhausting administrative remedies, claiming that exhaustion should be excused because his "proper release date" was approaching. (Doc. 1). He argues that because his criminal judgment did not include a specific citation to the subsection addressing the quantity of drugs involved, the BOP should not have found that he was convicted under that subsection. *See* (Doc. 6 at 2-3).

Ultimately, he asks that the Court "find [him] FTC eligible under the statute."

## II. Discussion

Leon's failure to exhaust administrative remedies means that his petition must be dismissed. An inmate seeking habeas relief pursuant to Section 2241 must generally exhaust the BOP's administrative remedies. *See Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (citing *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)); 28 C.F.R. §§ 542.10-18. Exhaustion may be excused only if "the issue presented involve[s] only statutory construction," *Vasquez*, 684 F.3d at 434, or "if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (unpublished).

Here, Leon claims that he should be able to bypass exhaustion because he asserts an entitlement to immediate release[2], but "district

---

[2] Further, Leon's petition is not limited to issues of statutory construction. He relies in part on evidence that for unexplained reasons, the BOP once marked him as "eligible" (Doc. 1-3 at 2), and he claims that he had been recognized as eligible "for the last three years." Any dispute as to Leon's prior eligibility status, or the basis on which he is now deemed ineligible, would call for exhaustion of administrative remedies.

*(continued on next page)*

courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching." *Meadows v. Warden, FCI-Allenwood Low*, No. 3:24-CV-952, 2024 WL 3871810, at *2 (M.D. Pa. Aug. 19, 2024) (listing cases).

Regardless, Leon would not be entitled to relief on the merits. The FSA lists a series of convictions that make a prisoner ineligible for time credits. As relevant here, that list includes convictions under "Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. § 841(b)(1)) . . . relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof." 18 U.S.C. § 3632(d)(4)(D)(lxvi). "The compound of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide is commonly known as Fentanyl." *Saldana v. Warden*, No. 3:25-CV-02472, 2026 WL

---

*See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996) ("We require exhaustion [because] allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review . . . [and] providing agencies the opportunity to correct their own errors fosters administrative autonomy.").

196512, at *2 (M.D. Pa. Jan. 26, 2026) (citation omitted).

In this case, Leon admitted in his plea agreement that his crimes involved the possession of 400 or more grams of fentanyl with intent to distribute. *See* (Doc. 5-6 at 6, ¶ 4). To assess whether a conviction under 21 U.S.C. § 841(b)(1)) makes a prisoner ineligible for FSA credits, the BOP can consider the prisoner's own plea agreement and other documents from the criminal case, even if the judgment does not refer to the statutory subsection at issue.[3]

## III. Conclusion

Accordingly, it is hereby **ORDERED** that Leon's petition (Doc. 1) is **DISMISSED**, and the Clerk is **DIRECTED** to close this case.

Dated: October 14, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

---

[3] Despite Leon's claim that "no district court has ever agreed with the BOP on this issue," courts in this district have repeatedly dismissed habeas petitions that rely on arguments similar to Leon's. *See, e.g.*, *Baez-Acevedo v. Warden*, No. 1:26-CV-02662, 2026 WL 3016088, at *5 (M.D. Pa. Oct. 7, 2026); *Moore v. Cruz*, No. 3:26-CV-01291, 2026 WL 2271444, at *2 (M.D. Pa. Aug. 6, 2026); *Regalado v. Greene*, No. 1:25-CV-00054, 2025 WL 411672, at *2 (M.D. Pa. Jan. 21, 2025); *see also Maitland v. Warden, FCI Berlin*, No. 23-CV-074, 2024 WL 3541213, at *2-3 (D.N.H. Jan. 31, 2024) ("[T]here is no talismanic significance in the lack of an explicit reference to subsection (vi) in [the] judgment.") (listing cases).